O’NIELL, Chief Justice
 

 (concurring).
 

 Besides the articles of the Revised Civil Code which are cited in the prevailing opinion in this case, articles 1505 and 1507 also make it very plain that, in determining whether' a donation inter vivos exceeds the disposable portion of the estate of the donor, it is a matter of no importance whether the presumptive heir at the time when the donation was made was a prospective forced heir, or how many presumptive or prospective forced heirs there were when the donation was made, or whether the donor was married or unmarried when the donation was made. Article 1505 lays down the rule for calculating the disposable portion of an estate, thus: The value of the property disposed of by donation or donations inter vivos (taking the value at the time of the death of the donor but in the condition in which the property donated was at the time of the donation) is added “fictitiously” to the value of the property owned by the donor at the time of his death; and, from the total sum, the debts of the succession are deducted; and upon the remainder is computed the fraction which represents the disposable portion of the estate, according to the number of forced heirs and their relation to the deceased. Article 1507 states the order in which the donations are to be reduced, if they are subject to reduction, viz.: The testamentary dispositions are reduced first, if a reduction is to be made, and, if the amount of the reduction
 
 *908
 
 to be made exceeds the amount or value of the testamentary dispositions, the excess is deducted from the donations inter vivos, in the inverse order of their dates, commencing with the last, and going back, if necessary, to the first in date. These articles of the Code, therefore, show plainly that it is a matter of no importance, in determining whether a donation inter vivos exceeds the disposable portion of the estate of the donor, whether the presumptive heir at the time of the donation was a prospective forced heir, or how many presumptive or prospective forced heirs there were at the time of the donation, or whether the donor was married or unmarried at the time of the donation. No such factors enter into the calculation which is provided for in articles 1505 and 1507 of the Revised Civil Code. These articles were numbered, respectively, 1492 and 1494 in the Code as originally adopted, in 1825. The corresponding articles in the Code Civil Francais are, respectively, articles 922 and 923 — article 922 being copied, substantially, in the French text of article 1492 in the .Louisiana Code of 1825, and article 923 of the French Code being literally the same as the French text of article 1494 of the Code of 1825 — except that in the latter article the term “les donations pour cause de mort” was substituted for “les dispositions testamentaires.” Commenting on articles 922 and 923 of the French Code, Baudry-Lacantinerie, Traite de Droit Civil, vol. 1, § 896, p. 420, says:
 

 “On n’a pas davantage & considérer l’époque & laquelle la donation a pu Stre consentie.
 

 “Qu’elle ait été faite avant ou depuis la naissance du reservataire, avant ou depuis son adoption, s’il s’agit d’un enfant adoptif, avant ou depuis sa reconnaissance, s’il s’agit d’un enfant naturel, elle doit, dans tous les cas, étre fictivement réunie aux biens ex-tants.”
 

 A literal translation of this comment is exactly in accord with the prevailing opinion which is being rendered in this case, viz.:
 

 We do not have to consider the time at which the donation is made.
 

 Whether it has been made before or since the birth of the forced heir, or before or since his adoption if an adopted child is concerned, or before or since his acknowledgment if a natural child is concerned, they (the donations) must, in every case, be fictitiously added to the remaining property.